COURT OF APPEALS OF VIRGINIA

Present:    Judges Chafin, Russell and Senior Judge Clements
Argued at Richmond, Virginia

CALVIN DARNELL BUTCHER

v.        Record No. 0974-16-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE WESLEY G. RUSSELL, JR.
NOVEMBER 6, 2018

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge

Richard G. White, Jr., Assistant Public Defender (Shaun R. Huband,
Deputy Public Defender, on brief), for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Calvin Darnell Butcher, appellant, was convicted of misdemeanor failure to stop at the

scene of an accident in violation of Code § 46.2-894.[1]  On appeal, he contends that the trial court

erred by convicting him because "the evidence was insufficient to prove [he] failed to stop and

failed to exchange information."  For the reasons that follow, we affirm.

---

[1] Appellant was charged with felony hit and run in violation of Code § 46.2-894 and
felony destruction of property in violation of Code § 18.2-137.  Violation of each statute can
result in a conviction for a misdemeanor or, if certain aggravating factors are met, a felony.
Here, appellant was charged with felonies under each statute based on the Commonwealth's
allegation that appellant's actions resulted in more than $1,000 in property damage.  At the
conclusion of the Commonwealth's evidence, appellant moved to strike the charges on multiple
grounds, including that the Commonwealth's evidence failed to establish that $1,000 in property
damage had occurred.  The trial court granted the motion to strike on that basis and convicted
appellant of the lesser-included misdemeanors found in both statutes.  Appellant appealed both
misdemeanor convictions to this Court; however, his petition for appeal was granted only with
regard to the conviction for hit and run in violation of Code § 46.2-894.  Accordingly, his
conviction for violating Code § 18.2-137 is not before us.

BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). So viewed, the evidence establishes that, on March 14, 2015, at approximately 12:30 a.m., Alicia Pegram (Alicia)[2] arrived home from work and saw appellant standing outside of his car in her driveway. The two had been dating "[o]ff and on for about a year and a half or two years," until Alicia ended their relationship on March 13, 2015. Alicia had not invited appellant to her house, so rather than confront appellant, she drove past her house and appellant followed her. Alicia drove at speeds of sixty to seventy miles per hour on roads with a speed limit of twenty-five to thirty-five miles per hour to "get away" from appellant.

Appellant caught up with Alicia and swerved his car into the front driver's side of her vehicle. Alicia ran off the road and stopped in a neighbor's yard near a tree. Appellant got out of his car and approached Alicia's car and began yelling and banging on her car window "like he was in a rage." Alicia called 911, and the dispatcher advised her to stay where she was. Because Alicia did not feel safe, she ignored the dispatcher's advice and left the scene in an attempt to get away from appellant. Initially, appellant followed her, but eventually he gave up the pursuit.

Gary Pegram (Gary), Alicia's father, testified that he owned the car Alicia was driving on March 14. He stated that appellant called him that morning between 1:30 and 2:00 a.m. When asked what appellant said during that conversation, Gary said appellant offered to pay for half of the damage that had been done to Gary's vehicle. Gary asked appellant "who was going to pay for the other half, and [appellant] couldn't answer that so the conversation didn't go any further

---

[2] Because there are two witnesses with the last name Pegram, we refer to them by their first names in this opinion to provide clarity.

than that." Appellant attempted to speak to Gary about appellant's relationship with Alicia, but Gary "advised [appellant he] didn't want to hear about a relationship between him and [his] daughter." Significantly, having been asked to relay what appellant said in the conversation, Gary did not testify that appellant had provided his address, driver's license number, or vehicle registration number.

Officer Compere of the Petersburg Police Department also testified. Shortly after 1:00 a.m. on the day of the accident, he "received a call to respond to headquarters for a hit and run." When he reported to headquarters, he met with Alicia and Gary. After speaking with them, Compere went to the accident scene to further his investigation.

Regarding any attempt by appellant to provide his address, driver's license number, or vehicle registration number, Compere testified that he received no call from appellant, that no note containing such information had been left at the accident scene, and that he "did not have that information" when he sought warrants against appellant at 5:52 that morning.

Appellant presented no evidence and moved to strike all of the charges on multiple grounds. Pertinent to his ultimate conviction for misdemeanor hit and run, appellant argued that the evidence established that he had stopped and attempted to communicate with Alicia and that the evidence did not exclude the possibility that he had contacted some law enforcement official other than Compere and reported the information required by Code § 46.2-894. Appellant also argued that, given his prior relationship with Alicia, she knew his identity, and therefore, the purpose of the communication provisions of Code § 46.2-894 was satisfied.

The trial court denied the motion to strike and convicted appellant of the offenses. The trial court found that appellant did not communicate the necessary information to any of the parties listed in the statute.

This appeal followed. Appellant challenges the sufficiency of the evidence for his conviction on the same grounds he asserted in his motion to strike in the trial court.

ANALYSIS

I. Standard of review

When reviewing a challenge to the sufficiency of the evidence, this Court considers the evidence in the light most favorable to the Commonwealth, the prevailing party below, and reverses the judgment of the trial court only when its decision is plainly wrong or without evidence to support it. Farhoumand v. Commonwealth, 288 Va. 338, 351, 764 S.E.2d 95, 102 (2014). "[I]f there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at trial." Linnon v. Commonwealth, 287 Va. 92, 98, 752 S.E.2d 822, 826 (2014) (quoting Lawlor v. Commonwealth, 285 Va. 187, 224, 738 S.E.2d 847, 868 (2013)). This standard requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and internal quotation marks omitted). However, to the extent "an appeal presents the question whether the facts proved, and the legitimate inferences drawn from them, fall within the language of a statute, we must construe statutory language to answer the question. That function presents a pure question of law which we consider *de novo* on appeal." Smith v. Commonwealth, 282 Va. 449, 453-54, 718 S.E.2d 452, 454 (2011).

II. Requirements of Code § 46.2-894

Code § 46.2-894 states, in pertinent part:

> The driver of any vehicle involved in an accident . . . in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . and report his name, address,

- 4 -

driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.

Here, there is no dispute that appellant was involved in an accident falling within the purview of the statute. The sole question posed on appeal is whether appellant complied with the requirement to "report his name, address, driver's license number, and vehicle registration number forthwith" to an appropriate person.

By its plain language, the statute provides multiple people to whom a driver may report the specified information and thus satisfy the statutory obligation. The information can be provided to "the State Police *or* local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, *or* to the driver *or* some other occupant of the vehicle collided with *or* to the custodian of other damaged property." Code § 46.2-894 (emphasis added).

The General Assembly's repeated use of the coordinating conjunction "or" in its listing of people to whom a driver must report the specified information makes clear that reporting the information to any one of the identified people satisfies the statutory mandate. Statutory lists containing the word "or" generally are understood as being in the disjunctive, meaning that satisfying one of the listed conditions satisfies the statutory command. See, e.g., Sansom v. Bd. of Supervisors, 257 Va. 589, 595, 514 S.E.2d 345, 349 (1999); Harris v. DiMattina, 250 Va. 306, 314-15, 462 S.E.2d 338, 341 (1995).

In the habeas context, the Supreme Court has noted that the reporting requirement of Code § 46.2-894 is in the disjunctive. Although the habeas challenge dealt with other elements of the statute, the Supreme Court summarized all of the elements, noting that to convict, "the jury or fact-finder must find [among other things] . . . that the defendant . . . failed to . . . report

- 5 -

his identification information to law enforcement *or* the other person involved in the accident." Clarke v. Galdamez, 292 Va. 228, 236, 789 S.E.2d 106, 109-10 (2016) (emphasis added); see also Medwid v. Commonwealth, No. 1382-15-2, 2016 Va. App. LEXIS 334, at *7 n.3 (Va. Ct. App. Dec. 6, 2016) (recognizing that the reporting requirement is satisfied if any one of the listed individuals is provided the information). Accordingly, the statutory reporting requirement is satisfied if a driver "forthwith" reports the required information to any one of the following: the State Police, a local law enforcement official, the person struck, the driver of the vehicle struck, another occupant of the car struck, or the custodian of the damaged property.

Although this may seem obvious from the statutory text, both the Commonwealth and appellant have asserted in this appeal that the reporting requirement is in the conjunctive, meaning that a driver in a covered accident must report the required information to both law enforcement *and* a person involved in the accident or the custodian of the damaged property.[3] This misapprehension of the statutory requirements stems from the Supreme Court's decision in Banks v. Commonwealth, 217 Va. 527, 230 S.E.2d 256 (1976).

In Banks, the Supreme Court addressed a constitutional challenge to the reporting requirement found in then Code § 46.1-176, the predecessor statute to Code § 46.2-894. In rendering its decision, the Supreme Court quoted the pertinent language of then Code § 46.1-176 as follows:

> The driver of any vehicle involved in an accident in which a person is . . . injured . . . shall immediately stop as close to the scene of the accident as possible without obstructing traffic *and* report forthwith to the police authority; *and, in addition*, to the person . . . injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with . . . his name, address, operator's or chauffeur's license number and the registration number of his vehicle.

---

[3] The Commonwealth asserted this position in its brief. At oral argument in this Court, appellant stated his agreement with the Commonwealth's position.

Id. at 528, 230 S.E.2d at 257 (ellipses in original) (emphasis added). Based on the General Assembly's use of the conjunction "and" in the list of people to whom the required information was to be reported, the Supreme Court concluded that "[t]he statute is in the conjunctive and requires a report to the police *and* the injured party." Id. at 532, 230 S.E.2d at 260 (emphasis in original).

The Supreme Court correctly noted that the language of then Code § 46.1-176 was in the conjunctive; however, Code § 46.1-176 was not readopted verbatim when the General Assembly recodified the motor vehicle code in 1989. See 1989 Va. Acts ch. 727. Although much of what was required by Code § 46.1-176 was incorporated into the new Code § 46.2-894, the conjunctive "and in addition to" regarding to whom a driver must report the required information was replaced by a series of disjunctive "or"s. When the General Assembly changes statutory language in this manner, we presume it intends to change the substantive law. Va. Ret. Sys. v. Blair, 64 Va. App. 756, 764, 772 S.E.2d 26, 30 (2015). Because the reporting requirement is no longer "in the conjunctive" and no longer "requires a report to the police *and* the injured party[,]" Banks, 217 Va. at 532, 230 S.E.2d at 260 (emphasis in original), Banks' holding on this discrete issue was superseded by the change in statutory language, and therefore, it is no longer a correct statement of the law.[4]

Accordingly, consistent with the statutory text, we hold that, to meet the statutory command, appellant only needed to report forthwith the required information to one person described in the statutory list. We now address whether the evidence was sufficient to establish that he failed to do so.

---

[4] We have cited with approval portions of Banks after the statutory change. See Smith v. Commonwealth, 66 Va. App. 382, 391 n.2, 785 S.E.2d 500, 504 n.2 (2016), a case that did not address whether the reporting requirement was in the conjunctive or the disjunctive. As a decision of the Supreme Court, Banks remains binding authority on this Court in all respects *except* for the portion that was based on the statutory language that was changed.

III.  Sufficiency of the evidence regarding the reporting requirement

Appellant argues that the evidence was insufficient to prove that he failed to make the required report to the driver of the other car (Alicia), the custodian of the property (Gary), or law enforcement.  We address each contention in turn.

A.  Alicia

Appellant argues that the Commonwealth did not prove that he failed to provide the required information to Alicia.  He notes he stopped at the accident scene and approached her car in an attempt to communicate with her.  He reasons that, because Alicia indicated she did not understand what he was saying when he approached the car, the Commonwealth did not exclude the possibility that he was providing the required information.  He also argues that Alicia's decision to leave the scene of the accident frustrated his ability to comply with the statutory command.

Although it is true that Alicia testified she could not hear the specifics of what appellant was saying when he approached the car, context provides a sufficient basis for the factfinder to conclude that appellant was not providing his driver's license number or vehicle registration number.  The evidence established that appellant, after midnight, was waiting for Alicia to return home.  His presence at her home was unannounced, and, when she started to drive away, he engaged in a high-speed chase and ran her off the road.  When he approached Alicia in her wrecked vehicle, he was yelling, banging on her car window, and "was in a rage."  From the totality of these circumstances the factfinder reasonably could, and in fact did, infer that he was not yelling his driver's license number or vehicle registration number.  Accordingly, the evidence was sufficient to establish that appellant did not report the required information to Alicia.

Under the facts of this case, it is of no moment that, having been approached by a belligerent appellant who had run her off the road, Alicia did not remain at the scene of the accident. Given the facts noted above, the evidence does not even suggest that appellant was attempting to comply with the reporting requirement when he approached Alicia, and therefore, her departure from the scene did not frustrate an attempt to do so. Furthermore, the statute contemplates situations in which communicating with the other driver is impossible, noting that a report to the person struck is not necessary unless "such person appears to be capable of understanding and retaining the information." Such a scenario does not obviate the reporting requirement, but rather, requires that the driver notify one of the other listed people. Thus, even assuming an inability of appellant to report the information to Alicia because she left the scene, appellant was still required to notify one of the other people when he did not provide the information to Alicia.

## B. Gary

Appellant asserts that, as the vehicle's owner, Gary was the "custodian of other damaged property" for the purposes of Code § 46.2-894. From this he argues that the evidence did not establish that he did not provide the required information to Gary in the phone conversation they had sixty to ninety minutes after the accident. Assuming without deciding that, as the owner of the vehicle, Gary was the "custodian" of the property at the time of the accident for the purposes of Code § 46.2-894, we conclude the evidence was sufficient to establish that appellant's phone conversation with Gary did not satisfy appellant's reporting obligation under the statute.

The statute requires that the information be provided "forthwith." Black's Law Dictionary defines forthwith as: "1. Immediately; without delay. 2. Directly; promptly; within a reasonable time under the circumstances; with all convenient dispatch." Forthwith, Black's Law Dictionary (10th ed. 2014).

As the definition indicates, the outer boundary of what can constitute communicating "forthwith" will depend on the circumstances. The statutory text recognizes that there are valid reasons to explain something other than an immediate report, providing that

> Where, because of injuries sustained in the accident, the driver is prevented from complying with the foregoing provisions of this section, the driver shall, as soon as reasonably possible, make the required report to the State Police or local law-enforcement agency and make a reasonable effort to locate the person struck, or the driver or some other occupant of the vehicle collided with, or the custodian of the damaged property, and report to such person or persons his name, address, driver's license number, and vehicle registration number.

Code § 46.2-894. However, absent this or another similar circumstance that makes an immediate report impossible or wholly impractical, the statutory command that the report be made "forthwith" requires an immediate report.[5]

No such circumstance is present here. The evidence established that appellant did not suffer an injury in the accident that prevented an immediate report. He was able to get out of his car and bang on the windows of Alicia's car. He was able to drive from the accident scene without assistance. Furthermore, as appellant notes on brief, he knew how to contact Gary because of his familairty with both Gary and Alicia before the accident. Accordingly, his contact was not delayed by a need to learn how to do so. Thus, his contact with Gary more than an hour after the accident did not comply with the statutory command that the report be made "forthwith," and therefore, that contact, regardless of what was said, did not satisfy his statutory obligation.

---

[5] Appellant also notes that the evidence established that he attempted to contact Gary on multiple occasions in the days and weeks after the accident, but that Gary refused to interact with him. Definitionally, if a contact within sixty to ninety minutes is not "forthwith," contacts days later cannot satisfy the statutory command.

Even if the contact could be deemed timely, the evidence is sufficient to establish that appellant did not provide Gary with the required information in the phone call. Appellant emphasizes that the Commonwealth, in questioning Gary about the phone conversation, never specifically asked "did [appellant] tell you his driver's license number?" or "did he tell you his vehicle identification number?" Although true, it ignores what the Commonwealth did ask.

After establishing that appellant had called Gary the morning of the accident, the Commonwealth asked Gary "What did [appellant] say?" Gary then detailed the conversation, which ranged in topics from appellant's offer to pay for half of the damage to Gary's car to his desire to speak with Gary about appellant's relationship with Alicia. The factfinder reasonably could conclude that the question "What did [appellant] say?" was asking for *all* of the things that appellant said to Gary in the conversation and that Gary's response, which covered multiple topics, detailed everything that appellant said. Accordingly, because there was no mention of appellant providing Gary with either his driver's license number or the vehicle registration number, the factfinder reasonably could conclude that appellant did not provide that information to Gary during the telephone conversation the morning of the accident.

### C. Law enforcement

Appellant argues that the evidence did not exclude the possibility that he immediately notified law enforcement and provided a law enforcement official with the information. He notes that Officer Compere testified that he received no call from appellant and was never provided the relevant information. He argues that the purported failure of the Commonwealth's evidence to negate the possibility that he contacted some law enforcement officer somewhere leaves open the reasonable hypothesis of innocence that he did. We disagree.

For a hypothesis of innocence to be reasonable, it must flow from the evidence actually presented; it cannot spring forth from the imagination of an appellant or his counsel. Welshman

- 11 -

v. Commonwealth, 28 Va. App. 20, 36, 502 S.E.2d 122, 130 (1998). Here, there is not even a scintilla of evidence that was presented to suggest that appellant contacted anyone to report any of the required information. The only contacts even suggested by the evidence are his confronting Alicia at the scene and the subsequent phone call to Gary. His failure to report the required information in those contacts further undermines the purported reasonableness of his purely hypothetical call to law enforcement.

Furthermore, Officer Compere's testimony was that he was called to headquarters regarding the incident approximately thirty minutes after it occurred. He was the officer assigned to the case and conducted the investigation regarding the incident. He testified that he never received a call from appellant and that he never was provided the information specified in the statute. Absent even a suggestion to the contrary, the factfinder reasonably could infer that, if appellant made any such call to law enforcement, the information would have been provided to the investigating officer. Accordingly, the evidence was sufficient to establish that appellant did not report the required information to law enforcement.

If this inference were not reasonable, proving the offense would be virtually impossible as a practical matter. Even assuming that the phrase "local law enforcement agency" limits the people who may be contacted to satisfy the statutory requirement to the law enforcement employees of the locality where the accident occurred, there is no such limitation in the statute as to the State Police. Accordingly, to demonstrate that a defendant did not contact a listed law enforcement official, the Commonwealth would need testimony from every law enforcement officer in the locality and every member of the State Police stating that they did not receive the

specified information from the defendant.[6] Such a result of the statute is manifestly absurd, and we decline to adopt it here.

### IV. Appellant's identity was known

Appellant also argues that he cannot be convicted of violating the statute in these circumstances because, given their prior relationship, Alicia knew his "name and address, which satisfie[d] the first two parts of the information required to be shared by the hit and run statute." In short, he argues that, because Alicia had this knowledge, the purposes of the statute were achieved, and therefore, he cannot be convicted of violating the statute.

The essence of appellant's argument is that Alicia's pre-existing knowledge of some of the information he was required to provide was close enough to compliance with the statutory requirements to excuse his failure to provide the rest of the required information. Providing the statutorily required information is neither a game of horseshoes nor hand grenades; close enough is not good enough. The fact that Alicia knew appellant's name and address does not excuse his failure to provide his driver's license number or the vehicle registration number.[7]

Furthermore, we previously have rejected the argument that the statutory obligations are satisfied if the driver's identity is known to the victim. In Johnson v. Commonwealth, 14 Va. App. 769, 418 S.E.2d 731 (1992), a case in which Johnson struck his mother-in-law with his car, we rejected the argument that "because the victim already knew who [the driver] was, [the

---

[6] Appellant argues that his construction of the statute would not require that all of these law enforcement officials be called to testify. He argues that testimony from the 911 dispatcher that appellant did not call 911 would be sufficient. However, the statute does not require that the report be made by telephone or through the 911 system. If appellant's general position were correct, the 911 dispatcher's testimony would be insufficient because appellant could argue, with no basis in the evidence, that he called the non-emergency number, made the report by e-mail, or made it in person.

[7] Not even appellant contends that, as a result of their relationship, Alicia knew this information.

driver] was not required to identify himself . . ." or otherwise provide the information required by the statute. See also Medwid, 2016 Va. App. LEXIS 334, at *9 (rejecting "appellant's argument that the statute is satisfied when the parties involved in an accident know each other" in a case where the victim was the husband of the driver). Accordingly, the fact that appellant was known to both Alicia and Gary did not excuse his failure to provide all of the required information.

CONCLUSION

For the foregoing reasons, the evidence was sufficient to allow the trial court to conclude beyond a reasonable doubt that appellant failed to comply with Code § 46.2-894. Accordingly, the judgment of the trial court is affirmed.

Affirmed.