PRESENT:  Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, and McCullough, JJ., and Koontz, S.J.

CALVIN DARNELL BUTCHER

v.  Record No. 181608

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE D. ARTHUR KELSEY
FEBRUARY 27, 2020

FROM THE COURT OF APPEALS OF VIRGINIA

The trial court convicted Calvin Darnell Butcher of misdemeanor failure to stop at the scene of an accident in violation of Code § 46.2-894, commonly referred to as the hit-and-run statute.[1]  The Court of Appeals affirmed Butcher's conviction, holding that the evidence was sufficient to prove that Butcher had failed to satisfy either of two post-accident reporting requirements in the statute.  *See Butcher v. Commonwealth*, 69 Va. App. 406, 416-21 (2018).

Despite this holding, the Court of Appeals added that the statute required Butcher to satisfy only one of the two reporting requirements:  "[W]e hold that, to meet the statutory command, appellant only needed to report forthwith the required information to one person described in the statutory list."  *Id.* at 416.  The Court of Appeals made this sua sponte holding after acknowledging that Butcher had expressly conceded on appeal that Code § 46.2-894 required him to satisfy *both* reporting requirements, not just one of them.[2]

---

[1] Butcher was also convicted of misdemeanor property damage in violation of Code § 18.2-137.  We refused his assignment of error challenging that conviction.

[2] "[B]oth the Commonwealth and appellant have asserted in this appeal that the reporting requirement is in the conjunctive, meaning that a driver in a covered accident must report the required information to both law enforcement *and* a person involved in the accident or the custodian of the damaged property."  *Butcher*, 69 Va. App. at 414 (emphasis in original).  "The Commonwealth asserted this position in its brief.  At oral argument in this Court, appellant stated his agreement with the Commonwealth's position."  *Id.* n.3; *see* CAV Oral Argument Audio at 1:23 to 1:40.

We agree with the Court of Appeals that the trial court, sitting as factfinder, could have reasonably concluded that Butcher had not complied with either of the two reporting requirements in Code § 46.2-894, *see Butcher*, 69 Va. App. at 416-21, and we adopt the reasoning of the Court of Appeals on this dispositive issue.  On this ground, we affirm the judgment of the Court of Appeals affirming Butcher's conviction.

We respectfully disagree, however, with the decision of the Court of Appeals to "hold that, to meet the statutory command, appellant only needed to report forthwith the required information to one person described in the statutory list," *id.* at 416.  For two reasons, we vacate that portion of the opinion of the Court of Appeals.

First, Butcher expressly disclaimed the argument that the statute's reporting requirements are disjunctive during oral argument before the Court of Appeals.  *See supra* note 2 and accompanying text.  The Court of Appeals, of course, did not have to agree with that concession of law.  We do not permit litigants "to define Virginia law by their concessions." *Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 454 n.6 (2013).  "This principle must be distinguished, however, from an appellant's concession of law that qualifies either as a waiver for purposes of Rule 5:25, governing arguments not raised below, or as a waiver for purposes of Rules 5:17(c) and 5:27, applicable to arguments not properly raised on appeal." *Simms v. Van Son*, Record No. 150191, 2016 WL 3208951, at *2 n.4 (Va. Feb. 12, 2016) (per curiam) (unpublished).  "In either scenario, we may accept arguendo the concession — *not as a basis for deciding the contested issue of law, but as a basis for not deciding it*." *Id.* (emphasis added); *see Logan v. Commonwealth*, 47 Va. App. 168, 172 n.4 (2005) (en banc) (articulating the same rule).[3]

[3] *See also Cunningham v. Commonwealth*, Record No. 0240-17-1, 2018 WL 1385739, at *3 n.5 (Va. Ct. App. Mar. 20, 2018) (unpublished); *Watford v. Commonwealth*, Record No. 0165-17-1, 2018 WL 1054160, at *4 (Va. Ct. App. Feb. 27, 2018) (unpublished); *Hodnett v.*

Second, it was logically unnecessary for the Court of Appeals to address this undisputed legal issue. The Court of Appeals found the evidence sufficient to prove that Butcher had complied with neither of the statute's two reporting requirements. That so, it did not matter whether the statute required him to comply with only one of them. The result would be the same in either event.

"As we have often said, 'the doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available."'" *Commonwealth v. White*, 293 Va. 411, 419 (2017) (alteration omitted) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (per curiam)).[4] The "best" answer to a legal question is the one with which the least number of jurists

---

*Commonwealth*, Record No. 0112-16-3, 2016 WL 7380663, at *2 (Va. Ct. App. Dec. 20, 2016) (unpublished); *Juarez v. Commonwealth*, Record No. 0113-14-3, 2016 WL 611885, at *7-8 (Va. Ct. App. Feb. 16, 2016) (unpublished); *Virginia Dep't of Med. Assistance Servs. v. Patient Transp. Sys., Inc.*, 58 Va. App. 328, 336-37 (2011); *Crawford v. Commonwealth*, 55 Va. App. 457, 481-82 (2009) (en banc), *aff'd on other grounds*, 281 Va. 84, 112-13 (2011); *United States v. Stearn*, 597 F.3d 540, 551 n.11 (3d Cir. 2010); *Vanguard Envtl., Inc. v. Kerin*, 528 F.3d 756, 758-59 (10th Cir. 2008).

[4] *See also Watson-Scott v. Commonwealth*, ___ Va. ___, ___ n.2, 835 S.E.2d 902, 905 n.2 (2019); *Spruill v. Garcia*, ___ Va. ___, ___, 834 S.E.2d 270, 276 (2019) (per curiam); *Sainani v. Belmont Glen Homeowners Ass'n*, 297 Va. 714, 729 n.7 (2019); *Henderson v. Cook*, 297 Va. 699, 710 (2019); *Ferguson Enters., Inc. v. F.H. Furr Plumbing, Heating & Air Conditioning, Inc.*, 297 Va. 539, 551 (2019); *McGinnis v. Commonwealth*, 296 Va. 489, 501 (2018); *Smith v. Commonwealth*, 296 Va. 450, 464 (2018) (Kelsey, J., concurring); *George Mason Univ. v. Malik*, 296 Va. 289, 295 (2018); *RECP IV WG Land Inv'rs LLC v. Capital One Bank (USA), N.A.*, 295 Va. 268, 279 n.8 (2018); *Dixon v. Sublett*, 295 Va. 60, 69 n.4 (2018); *Rastek Constr. & Dev. Corp. v. General Land Commercial Real Estate Co.*, 294 Va. 416, 423 (2017); *Levick v. MacDougall*, 294 Va. 283, 302 (2017); *Kalergis v. Commissioner of Highways*, 294 Va. 260, 262 n.1 (2017); *Dietz v. Commonwealth*, 294 Va. 123, 134 (2017); *Judicial Inquiry & Review Comm'n v. Bumgardner*, 293 Va. 588, 604-05 (2017); *Moonlight Enters., LLC v. Mroz*, 293 Va. 224, 229 (2017); *Board of Supervisors v. State Corp. Comm'n*, 292 Va. 444, 453 n.8 (2016); *Hampton Rds. Bankshares, Inc. v. Harvard*, 291 Va. 42, 52 (2016); *Wooten v. Bank of Am., N.A.*, 290 Va. 306, 312 n.6 (2015); *Alexandria Redev. & Hous. Auth. v. Walker*, 290 Va. 150, 156 (2015); *Ferguson v. Stokes*, 287 Va. 446, 455 (2014) (McClanahan, J., concurring); *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010); *Miles v. Commonwealth*, 274 Va. 1, 2 (2007) (Kinser, J., concurring).

3

would disagree or, in other words, the one with which the greatest number of jurists would agree. The "narrowest" answer to a legal question is the one affecting the least number of cases.

Regarding the "best" ground for decision, most jurists would agree that a sua sponte holding would rarely qualify as the best answer to a legal question that neither litigant is asking. That conclusion is particularly true when the holding attempts to resolve a difficult interpretative question and a simpler answer is readily available. In this case, our concurring colleagues offer very different interpretations of Code § 46.2-894 — yet they all rely upon a thorough analysis of the legislative history, a careful study of the peculiarities of the statute's syntax, and a thoughtful consideration of the underlying legislative policies. These competing interpretations prove only that the attempt to untangle the language of Code § 46.2-894 involves no easy task and results in no confident consensus.

As for the "narrowest ground" for decision, a ruling on the factual sufficiency of a single case will affect far fewer subsequent cases than a broad pronouncement on an open legal question. Given the multitude of factual scenarios — some foreseeable, some not — that can arise in a single legal context, a degree of judicial caution should accompany any holding that reaches out beyond the limits of the particular case to address unnecessary and novel issues.

That caution is particularly prudent in criminal cases where, as here, the reasoning of the Court of Appeals adverse to the Commonwealth is embedded in a published opinion that ends with an affirmance of the criminal defendant's conviction. When structured that way, a Court of Appeals opinion could make a judicial pronouncement unfavorable to the Commonwealth on an important, hotly disputed legal issue that would be wholly immune from direct appellate review by this Court. In other words, a holding of the Court of Appeals on one issue, if sufficient alone to justify the result, could preclude the appellate process from testing the validity of what

4

purports to be a "holding" on another issue — one perhaps far more important than the first. *See Commonwealth v. Harley*, 256 Va. 216, 217-20 (1998) (finding that the advisory "ruling" of the Court of Appeals against the Commonwealth on an abstract question of law was "rendered moot" by the dispositive and far more narrow holding in favor of the Commonwealth).[5] This anomaly could have a long-lasting effect because an unappealable "holding" by the Court of Appeals adverse to the Commonwealth in one case would likely be viewed, correctly or not, as binding on every trial court in all future prosecutions and on every panel of the Court of Appeals hearing later appeals involving the same issue.[6]

For these reasons, we affirm the judgment of the Court of Appeals affirming Butcher's conviction. We do so based upon the persuasive analysis by the Court of Appeals of the sufficiency of the evidence proving beyond a reasonable doubt that Butcher failed to satisfy either of the two reporting requirements in Code § 46.2-894. Offering no opinion on the competing conjunctive/disjunctive interpretations of the statute, however, we vacate the portion of the opinion of the Court of Appeals addressing that debate.[7]

*Judgment affirmed,
opinion vacated in part.*

---

[5] *See also Cooper v. Commonwealth*, 54 Va. App. 558, 566 n.1 (2009); *Spruill v. Commonwealth*, Record No. 1947-04-1, 2005 WL 3157752, at *2-3 (Va. Ct. App. Nov. 29, 2005) (unpublished).

[6] Under the "rule of interpanel accord," a decision of one panel of the Court of Appeals "'becomes a predicate for application of the doctrine of stare decisis' and cannot be overruled except by the Court of Appeals sitting en banc or by the Virginia Supreme Court." *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)).

[7] We acknowledge that "[i]t is emphatically the province and duty of the judicial department to say what the law is," *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). To be sure, we fully embrace this solemn duty. *See, e.g.*, *Howell v. McAuliffe*, 292 Va. 320, 350 (2016); *Fitzgerald v. Loudoun Cty. Sheriff's Office*, 289 Va. 499, 505 (2015). Saying what the law is, however, includes all of the law, which in turn includes Virginia law's preference for predicating the exercise of judicial power upon the best and narrowest grounds available.

JUSTICE McCULLOUGH, with whom JUSTICE MIMS joins, concurring in the judgment affirming the conviction.

The case has been briefed and argued. The decision under review is a published decision of the Court of Appeals of Virginia. Whether the reporting requirements of Code § 46.2-894 should be read in the conjunctive or the disjunctive is a question of some practical significance to the citizens of Virginia, and to members of the bar and bench who must prosecute, defend, and adjudicate these cases. There are accidents, major and minor, every day in the Commonwealth. I regret that the Court is unable to provide an answer to that question and to say what the law is. Whether the statute's reporting requirements should be read in the conjunctive or in the disjunctive presents a difficult question of statutory interpretation, but in my view the answer is that the reporting requirements should be read in the conjunctive.

In *Banks v. Commonwealth*, 217 Va. 527 (1976), we concluded that the reporting requirements of former Code § 46.1-176 were to be construed in the conjunctive rather than the disjunctive. Former Code § 46.1-176 was recodified as Code § 46.2-894 following the recodification of the motor vehicle code in 1989. In its report to the General Assembly, the Code Commission explained that it sought to "remove ambiguities, simplify language and structure, and generally improve the clarity of the law." Virginia Code Comm'n, *Report Revision of Title 46.1 of the Code of Virginia*, House Doc. No. 42, at ii (1989), available at https://rga.lis.virginia.gov/Published/1989/HD42 (last visited Nov. 27, 2019). Among other things, the stated goals of the recodification were the "[s]implification of language wherever possible" and the "[s]ubstitution of commonly used terms for technical jargon in appropriate instances." *Id.* Former Code § 46.1-176, which addressed the various duties required of persons involved in a vehicular accident and the penalty for the failure to stop and perform those duties, was, as indicated in a revisor's note, "broken up" into six separate code sections including Code

6

§ 46.2-894.  *Id.* at 149-50.  The revisor's note makes no additional comment regarding the resulting statutory language, i.e., it does not indicate any intention to clarify or alter the existing statute.

The relevant portion of former Code § 46.1-176, which became Code § 46.2-894, was subsection (a):

> (a) The driver of any vehicle involved in an accident in which a person is killed or injured or in which such attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible . . . and report forthwith to the State Police or local police authority *and, in addition*, to the person struck and injured . . . or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property, his name, address, driver's license number and the registration number of his vehicle.

(Emphasis added.)

The recodification made the following changes to the opening paragraph of the statute, with deletions indicated by strikethroughs and additions indicated in italics:

> § 46.2-894 ~~46.1 176~~ Duty of driver to stop, etc., in event of accident *involving injury or death or damage to attended property* ~~; duty of occupant; reports additional to other accident reports required by title~~ – ~~(a)~~  The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . *and report his name, address, driver's license number, and vehicle registration number* forthwith to the State Police or local ~~police authority and, in addition~~ *law-enforcement agency*, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property ~~, his name, address, driver's license number and the registration number of his vehicle~~. The driver shall also render reasonable assistance to any person injured in such accident, including ~~the carrying of~~ *taking* such injured person to a physician, surgeon, or hospital ~~for medical treatment~~ if it is apparent that ~~such~~ medical treatment is necessary or is requested by the injured person.

1989 Acts ch. 727.  Notably, the words "and, in addition" are no longer in the recodified statute.

When construing a statute, our primary objective is "'to ascertain and give effect to legislative intent,'" as expressed by the language used in the statute. *Commonwealth v. Amerson*, 281 Va. 414, 418 (2011) (quoting *Conger v. Barrett*, 280 Va. 627, 630 (2010) (internal quotation marks omitted)). "'When the language of a statute is unambiguous, we are bound by the plain meaning of that language.'" *Kozmina v. Commonwealth*, 281 Va. 347, 349 (2011) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). And if the language of the statute "'is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.'" *Id.* at 349-50 (quoting *Conyers*, 273 Va. at 104).

The opening paragraph of Code § 46.2-894 provides as follows:

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.[1] The driver shall also render reasonable assistance to any person injured in such accident, including taking such injured person to a physician, surgeon, or hospital if it is apparent that medical treatment is necessary or is requested by the injured person.

Under this statute, a report must be made, first, "to the State Police or local law-enforcement agency." In this specific clause, the word "or" indicates that a disjunctive report can be made either to the State Police or to a local law enforcement agency. The next clause is introduced

---

[1] There is no issue in the case involving "other damaged property" such as a damaged fence or mailbox. Therefore, the provision of the statute calling for a report to the owner of "other damaged property" is not at issue.

with a comma rather than an "or" or an "and" and it addresses a distinct set of people, i.e., persons inside the vehicle that was struck: "to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property." Because there is no "or" or "and" to introduce this particular clause, an "or" or an "and" must be supplied by implication.[2] The statute does not say that a report must be made to law enforcement *and* to a person in the struck vehicle, but neither does it state that a report must be made to law enforcement *or* to a person inside the struck vehicle.

A disjunctive reading would create an inexplicable tension with the second paragraph of Code § 46.2-894. That paragraph unambiguously indicates a conjunctive reporting requirement to both law enforcement and to a person in the vehicle that was struck:

> Where, because of injuries sustained in the accident, the driver is prevented from complying with the foregoing provisions of this section, the driver shall, as soon as reasonably possible, make the required report to the State Police or local law-enforcement agency and make a reasonable effort to locate the person struck, or the driver or some other occupant of the vehicle collided with, or the custodian of the damaged property, and report to such person or persons his name, address, driver's license number, and vehicle registration number.

I can think of no reason why the opening paragraph of the statute would impose a disjunctive reporting requirement, but the very next paragraph of the same statute would impose a conjunctive reporting duty.

---

[2] This is not, therefore, an instance impermissibly adding language to the statute. Any interpretation of the statute as it presently exists must by implication supply either an "and" or an "or" – neither is found in the actual text of the statute. The textual ambiguity of the statute compels us to look to internal and external consistency, legislative history, and to the overarching purposes of the statute in order to determine the statute's meaning. All of those clues strongly point toward a conjunctive reading of the reporting requirement.

9

"[C]onsidering the entire statute . . . to place its terms in context to ascertain their plain meaning does not offend the [plain language] rule because 'it is our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.'" *Eberhardt v. Fairfax County Employees' Retirement System Board of Trustees*, 283 Va. 190, 194-95 (2012) (quoting *Virginia Electric & Power Co. v. Board of County Supervisors*, 226 Va. 382, 387-88 (1983)).

A close reading of the entire language of the statute and its grammar and punctuation, suggests two plausible readings of the statute. First, the statute could be interpreted to impose a conjunctive obligation with respect to two distinct sets of actors: (1) law enforcement, whether local police or the state police, and (2) to either the person struck, the driver, or some occupant of the vehicle that was struck. Second, the statute could plausibly be read as imposing a disjunctive obligation: the driver can make the required report either to the local police or to the driver of the vehicle or occupant of the vehicle that was struck. The most harmonious reading of the statute as a whole is that it imposes a conjunctive rather than a disjunctive reporting requirement.

The underlying purposes of the statute point towards a conjunctive reporting requirement. Providing the report to law enforcement allows for emergency personnel to be deployed if necessary, and it alerts law enforcement of the need for a possible investigation. Reporting the required information also facilitates that investigation. *See Neel v. Commonwealth*, 49 Va. App. 389, 394 (2007) ("The identification requirement is intended to facilitate accident investigation and to preserve public order."). Providing the report to the driver of the vehicle or some other person in the damaged vehicle facilitates a civil recovery for personal injuries and for damage to the vehicle. *See Milazzo v. Commonwealth*, 276 Va. 734, 738 (2008) ("The purpose of Code § 46.2-894 is to protect persons injured as the result of, and to ensure the assessment of liability

10

arising out of, an unfortunate vehicular event. The statute's primary beneficiary is the injured victim . . . ."). These dual purposes would be frustrated if a report could be made to one but not to both parties listed in the statute.

A disjunctive reading also would create unnecessary tension with another related statute. Code § 46.2-896 provides that when a driver of a vehicle that strikes unattended property cannot locate the owner, "the driver shall leave a note or other sufficient information including driver identification and contact information in a conspicuous place at the scene of the accident and shall report the accident in writing within 24 hours to the State Police or the local law-enforcement agency." As the Commonwealth points out, a disjunctive reading of Code § 46.2-894 would place a lesser duty upon a driver who strikes and injures a pedestrian than it does upon a driver who strikes and damages a mailbox. "Statutes which are not inconsistent with one another, and which relate to the same subject matter, are *in pari materia*, and should be construed together." *Prillaman v. Commonwealth*, 199 Va. 401, 406 (1957).

The legislative history, and in particular the deletion of the words "and, in addition" during the 1989 recodification might suggest a disjunctive reading of the statute. A review of the Code Commission's report to the General Assembly, however, shows just the opposite. Under Virginia law, "there is a presumption that a recodified statute does not make substantive changes in the former statute unless a contrary intent plainly appears in the recodified statute." *Waldrop v. Commonwealth*, 255 Va. 210, 214 (1998). *See also State Farm Mut. Auto Ins. v. Major*, 239 Va. 375, 378 (1990). The text of the statute plausibly supports two interpretations. The report of the Code commission compellingly supports the conclusion that no substantive changes were intended during the recodification of the statute. Rather, the General Assembly sought to simplify and streamline the statute rather than to change its substance.

11

For all these reasons, I conclude that the statute, as recodified, imposes a conjunctive reporting requirement. To satisfy the requirements of Code § 46.2-894, a motorist who falls within the scope of the statute must make two separate reports:

(1) to the State Police or local law-enforcement agency;

and

(2) to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with.

Turning to the merits of Butcher's appeal, I would affirm. Butcher grounds his arguments on the assumption that the Court of Appeals correctly construed Code § 46.2-894 to impose a disjunctive reporting requirement, i.e., as requiring him to make a report to *either* law enforcement, or to Pegram, or possibly to Pegram's father as the custodian of the damaged vehicle. Because I am of the opinion that the reporting requirements of Code § 46.2-894 are to be construed in the conjunctive rather than the disjunctive, I do not believe we need to consider Butcher's contention that the evidence might be sufficient to show that he made the required report to Pegram.

"[T]he factfinder determines which reasonable inferences should be drawn from the evidence, and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant." *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017). The evidence supports the conclusion that Butcher failed to make the required report to Pegram. After he engaged in a high-speed chase and ran her off the road, he approached her car "and began yelling and banging on the car window 'like he was in a rage.'" The factfinder could readily conclude that Butcher under those circumstances, was not, as Code § 46.2-894 requires, "report[ing] his name, address, driver's license number, and vehicle registration number" to Pegram, the driver of the vehicle he

12

collided with and ran off the road. Indeed, counsel for Butcher candidly and appropriately acknowledged as much at oral argument. Thus, Butcher failed to comply with the requirements of the statute.

I agree that Butcher's conviction should be affirmed, and I agree that the opinion of the Court of Appeals of Virginia should be vacated. I would, however, answer the question before us and hold that the reporting requirements should be read in the conjunctive.

JUSTICE MIMS, concurring in the judgment affirming the conviction.

I concur with Justice McCullough that Code § 46.2-894 imposes a conjunctive requirement to report traffic accidents to both law enforcement and the driver of an attended vehicle damaged in the accident, so I join his opinion. Like him, I also concur in the result reached in Justice Kelsey's opinion. However, for the reasons set forth by Justice Koontz, I believe that the real-world implications of this interpretation are so far-reaching that the Court should not postpone resolving the question raised by the competing theories of statutory interpretation adopted by these two colleagues, so I dissent from the portion of Justice Kelsey's opinion that declines to reach it. I therefore write separately to further highlight what I perceive to be a need for urgent legislative action to clarify the statute, which should already be apparent from the fractured nature of the Court's disposition of this case.

I. INTERPRETING WHAT CODE § 46.2-894 REQUIRES

In 1989, the General Assembly re-codified former Code § 46.1-176 as Code § 46.2-894. In doing so, it deleted the words "and, in addition" from the statutory text but left in place an existing "or" in a separate clause. Acts 1989 ch. 727. Under the Court of Appeals' interpretation of the current statute, the resulting statutory text shifted from imposing a duty to report to two entities—i.e., "A" (state or local law enforcement) *and* "B" (the person struck and injured, the

13

driver or occupant of the other vehicle, or the custodian of other damaged property)—to imposing a duty to report to any one of four entities—i.e., "A" (state or local law enforcement), "B" (the person struck and injured), "C" (the driver or occupant of the other vehicle), *or* "D" (the custodian of other damaged property.

This interpretation reflects a substantive change in the statutory language. However, as Justice McCullough observes, courts presume that the legislature does not make substantive changes when it recodifies a statute unless it clearly expresses the intent to do so. *Waldrop v. Commonwealth*, 255 Va. 210, 214 (1998).

Recodification bills are often hundreds of pages long because they encompass the entire title of the Code affected. *E.g.*, 2019 Acts ch. 712, *available at* https://lis.virginia.gov/000/1080CHP.pdf (consisting of 321 pages and recodifying Title 55 as Title 55.1); 2014 Acts ch. 805, *available at* https://lis.virginia.gov/000/hb311c.pdf (consisting of 260 pages and recodifying Title 31.1 and portions of Titles 15.2, 56, and 58.1 as Title 33.2); 2010 Acts ch. 794, *available at* https://leg1.state.va.us/cgi-bin/legp504.exe?101+ful+CHAP0794+pdf (consisting of 200 pages and recodifying Title 6.1 and portions of Titles 11 and 59.1 as Title 6.2). They are the culmination of countless hours of work by the staff and members of the Virginia Code Commission, often with the involvement of other interested and affected parties. Having served both as a legislator and a former chairman of the Commission, I know that it is almost impossible for the average member of the General Assembly to discern which of the innumerable alterations included in a recodification bill are intended to be substantive changes without relying on the Commission to point them out in revisor's notes in the Commission's report on the bill. The legislative session simply comprises

14

too few days and too many bills for any individual member to replicate the hours of detailed effort expended by the Commission to produce the draft legislation.

Justice McCullough notes that the Commission's report includes no revisor's note highlighting a substantive change in the recodification of former Code § 46.1-176 as Code § 46.2-894. This creates a Hobson's choice in this case: either the General Assembly enacted a substantive change when there is no evidence it intended to do so, or the goal of the Commission as stated in its report, to "remove ambiguities, simplify language and structure, and generally improve the clarity of the law," Virginia Code Comm'n, *Report on the Revision of Title 46.1 of the Code of Virginia*, House Doc. No. 42, at ii (1989), was a failure.

Justice McCullough applies one set of rules of construction, resulting in one possibility, while Justice Koontz applies another set to reach the opposite. Both are reasonable, but I find the former more persuasive.

## II. THE ISSUE REQUIRES URGENT RESOLUTION

A violation of Code § 46.2-894 is punishable as at least a Class 1 misdemeanor, and as a Class 5 felony if the amount of damage caused by the accident exceeds $1000. As a practical matter, two vehicles involved in even a minor, low-speed road collision without injury will seldom escape without more than $1000 in damage between them. Consequently, drivers who amicably exchange their information following such a collision, but who do not notify law enforcement, bear an unacceptable risk. It is unlikely that many drivers are presently aware of how easily they may engage in criminal conduct.[*]

---

[*] The fact that many drivers may be unaware of what Code § 46.2-894 requires as the statute is presently written does not mean that it leads to an absurd result. "The phrase 'absurd result' has a specific meaning in our jurisprudence. It 'describes situations in which the law would be internally inconsistent or otherwise incapable of operation.'" *Chaffins v. Atlantic*

15

It therefore is not in the interest of justice to postpone resolving the issue highlighted by our diverging interpretations of what the statute requires. The General Assembly must clarify the statute to express its legislative intent now, so that drivers are aware of their duty after a collision.

## III. CONCLUSION

It is rare for a court to explicitly urge the legislature to change a statute, but Code § 46.2-894 cries out for swift action by the legislature to express its view and clarify the language. Whichever choice it makes, we will dutifully apply the law.

SENIOR JUSTICE KOONTZ, with whom JUSTICE POWELL joins, concurring in the judgment.

I concur with the view expressed by Justice McCullough that the evidence presented by the Commonwealth at Butcher's trial is sufficient to convict him of violating the reporting requirements of Code § 46.2-894. That view is based upon the conclusion that the reporting requirements of Code § 46.2-894 are to be construed in the conjunctive rather than the disjunctive. In my view, the evidence is sufficient to convict Butcher when the reporting requirements of this statute are also construed in the disjunctive. In this case the trial judge could reasonably conclude that following the accident in question Butcher failed to report his name, address, driver's license number, and vehicle registration number to either the State Police or the Petersburg Police Department (the local law enforcement agency), Pegram, or to Pegram's father (the custodian of the damaged vehicle driven by Pegram).

---

*Coast Pipeline, LLC*, 293 Va. 564, 570 (2017) (internal alteration omitted). Neither of those situations applies here.

In the context of a disjunctive construction of the reporting requirements of Code § 46.2-894, Butcher does not contend that he gave the statutorily required information to Pegram or her father. The thrust of his contention is that the Commonwealth's evidence did not exclude the possibility that he provided that information to the State Police or the Petersburg Police Department. Hypotheses of innocence which must be excluded by the fact finder "are those which flow from the evidence itself, and not from the imaginations of defense counsel." *Cook v. Commonwealth*, 226 Va. 427, 433 (1983); *see also Tyler v. Commonwealth*, 254 Va. 162, 166 (1997). In this case, there is no evidence that would support a reasonable inference that Butcher made any attempt to make the report mandated by Code § 46.2-894 to either the State Police or the Petersburg Police Department. Thus, Butcher's contention that he might have made such a report does not flow from the evidence. Accordingly, the trial judge could properly reject as unreasonable the hypothesis of innocence advanced by Butcher. *See Nicholas v. Commonwealth*, 186 Va. 315, 324 (1947) (holding that the Commonwealth is not required to prove the negative by establishing the nonexistence of an improbable reason proffered by the defendant to negate his criminal liability).

I respectfully disagree, however, with the view expressed by Justice McCullough that the Court of Appeals erred in construing the reporting requirements of Code § 46.2-894 in the disjunctive rather than in the conjunctive. Justice McCullough carefully and accurately recites the legislative history of former Code § 46.1-176 which became Code §§ 46.2-894 to -899 following the recodification of the motor vehicle code in 1989. It is unnecessary to repeat here the provisions of the report the Code Commission made to the General Assembly.

I agree that there is a presumption that "a recodified statute does not make substantive changes in the former statute *unless a contrary intent plainly appears in the recodified statute*."

17

*Waldrop v. Commonwealth*, 255 Va. 210, 214 (1998) (emphasis added). It is equally true that this presumption is not dispositive of the analysis required by the courts. In addition, courts "'must assume that the General Assembly chose, with care, the words it used in enacting [a] statute, and we are bound by those words when we apply the statute.'" *Jordan v. Commonwealth*, 295 Va. 70, 75 (2018) (quoting *Halifax Corp. v. First Union Nat'l Bank*, 262 Va. 91, 100 (2001)). "Our task, therefore, is to discern the intent of the General Assembly on this issue" from the language employed in the statute. *Cartwright v. Commonwealth*, 223 Va. 368, 371 (1982).

Former Code § 46.1-176 mandated the reports required by the driver of any vehicle involved in an accident. As pertinent to the present case, that statute specifically provided that the report giving "the [driver's] name, address, [the driver's] license number and the registration number of the [driver's] vehicle" be made to the State Police or local police authority "*and, in addition*, to . . . the driver . . . of the vehicle collided with." (Emphasis added.) Again, as properly recited by Justice McCullough, the conjunctive language "and, in addition" was deleted and replaced with a comma when the legislature subsequently enacted Code § 46.2-894. While conceding that the elimination of this language results in the statute admitting of either a conjunctive or disjunctive interpretation, for various reasons recited in his opinion, Justice McCullough concludes that even with the removal of the conjunctive wording "the General Assembly sought to simplify and streamline the statute rather than to change its substance." In my view, this conclusion does not square with the real-world circumstances in which the legislature would have intended for Code § 46.2-894 to apply.

Justice McCullough reasons that the "underlying purposes of the statute point towards a conjunctive reporting requirement," suggesting that the requirement to make a report to law

18

enforcement in every instance "alerts law enforcement of the need for a possible investigation" while also providing the required information to other parties "facilitates a civil recovery for personal injuries and for damage to the vehicle." In my view, while these are both plausible reasons why the statute *might* be read to mandate that the driver provide the required information to both law enforcement and involved parties, it does not necessarily follow that the statute *must* be read in this manner. Considering the broad range of vehicular accidents to which Code § 46.2-894 applies – from low-impacts resulting in minimal damage and no injuries, to catastrophic accidents resulting in significant vehicular damage and injuries or death – it seems far more probable that the legislature would have intended that law enforcement authorities not be required to become involved in every accident.

The language used by the General Assembly in enacting Code § 46.2-894 should not be read in a vacuum without reference to the real-world application of the provisions of Code § 46.2-894. It is an everyday occurrence that a driver of a vehicle will become involved in a minor accident with an attended vehicle where the damage is not significant, and no one is injured. For example, such accidents are not infrequent in crowded parking lots in commercial shopping centers. In such cases, it is commonly the practice of the parties to exchange the required information mandated by Code § 46.2-894 and go about their way without any report to law enforcement. Nothing in the language employed by the legislature suggests that it would not have been aware of such accidents, and the parties' conduct with regard to not making any report to law enforcement authorities. Moreover, common sense supports the conclusion that the legislature would not have intended for it to be a crime for the driver to leave the scene of the accident under these circumstances.

It strains credulity to conclude that it is either necessary or an efficient use of law enforcement resources to require police to respond to every instance where a driver of a vehicle caused no injuries and only minor damage to another attended vehicle. To the contrary, when construed in the disjunctive, Code § 46.2-894 permits minor accidents to be resolved by the parties, while assuring that in more serious ones involving injury or death or substantial property damage, the driver is required to notify law enforcement authorities so that possible criminal violations may be investigated and resolved. A conjunctive construction of the statute, however, unduly requires the involvement of law enforcement authorities in so-called fender bender cases and inhibits the resolution of any civil liability by the parties without such intervention by law enforcement.

For these reasons, I would affirm the judgment of the Court of Appeals both with respect to the disjunctive construction of Code § 46.2-894 and the ultimate judgment affirming Butcher's conviction.