COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Athey and Chaney
Argued at Norfolk, Virginia

**UNPUBLISHED**

JEFFERY TERRY SNOW, IV, S/K/A
 JEFFREY TERRY SNOW, IV

                                  MEMORANDUM OPINION[*] BY

v.       Record No. 0908-21-1        CHIEF JUDGE MARLA GRAFF DECKER
                                     JUNE 14, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Christopher R. Papile, Judge

Charles E. Haden for appellant.

Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Jeffery Terry Snow, IV, was convicted in a bench trial of malicious wounding, in violation

of Code § 18.2-51. On appeal, he challenges the sufficiency of the evidence to support his

conviction. For the following reasons, we affirm the trial court's judgment.[1]

## I. BACKGROUND[2]

On October 16, 2019, the appellant and Samantha Harvey, the victim, were dating. As

Harvey finished a shower, the appellant began arguing with her. The argument continued in the

kitchen, where the appellant struck Harvey's "face with [a] frying pan several times" and shoved

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In addition, we deny the appellant's motion for bail made pursuant to Rules 5A:2(C) and 5A:13(C).

[2] In accordance with well-established principles of appellate review, we recite the facts in the light most favorable to the Commonwealth, as the prevailing party at trial. *Burkeen v. Commonwealth*, 286 Va. 255, 258-59 (2013).

her into the stove. She tried to escape, but the repeated blows knocked her to the ground. The appellant spit on her and then stomped on her face with his foot as she lay on the floor, rendering her unconscious. When she awoke, police were in the home and the appellant had left. According to Harvey, she drank less than "a whole drink" that evening and denied that alcohol had caused the incident. Harvey admitted that she was "upset" and "mad" at the appellant because of the assault.

When Newport News Police Officer Matt Crutcher arrived at the apartment, Harvey's eye and lip were swollen, and she was bleeding from several cuts on her face. Officer Crutcher also saw blood on the frying pan, stove, counter, and floor.[3] Harvey told Crutcher that she was a "MMA fighter" and had tried to defend herself. Harvey was transported to a hospital, where she was treated for a concussion, broken jaw, four chipped teeth, and scratches on her face. She still had scars on her face at the time of the appellant's trial.

After the close of the evidence and counsel's arguments, the trial court found the appellant guilty of malicious wounding. The court credited Harvey's testimony, finding that the photographs depicting "significant swelling" and "cuts to [her] face" matched her account of the incident. It also found that the appellant began the physical altercation and that there was no evidence that Harvey struck the appellant "other than in defense of herself." The appellant was sentenced to twenty years in prison, with thirteen years and six months suspended.

## II. ANALYSIS

The appellant challenges the sufficiency of the evidence to support his conviction. He argues that the evidence did not prove that he acted with malice. Although the appellant acknowledges Harvey's testimony that he attacked her without provocation, he maintains that her testimony was incredible because she had been drinking alcohol and arguing with him. He

---

[3] The photographs Crutcher took of those bloody items at the scene were admitted into evidence.

emphasizes that Harvey provided no "reason or motive" for the assault and admitted that she was angry with him. He concludes that the trial court should have reduced the charge to unlawful wounding because Harvey, "a trained MMA fighter, initiated the fight" and provoked him to respond in the heat of passion.[4]

In this Court's review of the sufficiency of the evidence to support a conviction, we will affirm the decision unless the trial court was plainly wrong or the conviction lacks evidence to support it. *See, e.g.*, *Burkeen v. Commonwealth*, 286 Va. 255, 258 (2013). The Court examines "the evidence in the light most favorable" to the Commonwealth, as "the prevailing party at trial[,] and consider[s] all inferences fairly deducible from that evidence." *Id.* at 258-59 (second alteration in original) (quoting *Clark v. Commonwealth*, 279 Va. 636, 640 (2010)). In doing so, we "discard the evidence of the accused in conflict with that of the Commonwealth." *Johnson v. Commonwealth*, 53 Va. App. 79, 99 (2008) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

In the end, the "Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Instead, the only 'relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Sullivan v. Commonwealth*,

---

[4] The appellant argues on brief that the evidence failed to prove that he possessed the requisite intent to main, disfigure, disable, or kill the victim. This is a different element of the offense than malice, and malice is the only argument encompassed by the assignment of error. *See Ramos v. Commonwealth*, 71 Va. App. 150, 162 (2019) (defining the offense); *Synan v. Commonwealth*, 67 Va. App. 173, 187 (2017) (defining malice). Consequently, we do not address the sufficiency of the evidence to prove specific intent. *See Kirby v. Commonwealth*, 264 Va. 440, 444-45 (2002) (declining to "notice" arguments not "encompass[ed]" by an assignment of error); *see also* Rule 5A:20 ("Only assignments of error listed in the brief will be noticed by this Court.").

280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

We apply these well-established legal principles here in considering whether the evidence was sufficient to support the trial court's conclusion that the appellant was guilty of malicious wounding. "To be convicted of malicious wounding, the Commonwealth must prove that the defendant maliciously stabbed, cut, or wounded 'any person or by any means cause[d] [her] bodily injury, with the intent to maim, disfigure, disable, or kill.'" *Ramos v. Commonwealth*, 71 Va. App. 150, 162 (2019) (first alteration in original) (quoting *Burkeen*, 286 Va. at 259). Malice is an element of the offense. *Id.*

The law regarding malice, the challenged element of the offense, is clearly defined. It is "the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will." *Watson-Scott v. Commonwealth*, 298 Va. 251, 255-56 (2019) (quoting *Dawkins v. Commonwealth*, 186 Va. 55, 61 (1947)). "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed a purposeful and cruel act without any or without great provocation." *Synan v. Commonwealth*, 67 Va. App. 173, 187 (2017) (quoting *Robertson v. Commonwealth*, 31 Va. App. 814, 823 (2000)). Malice is a question of fact and may be "directly evidenced by words" or implied by conduct. *Id.* at 187-88 (quoting *Robertson*, 31 Va. App. at 823). "Implied malice may be inferred from 'conduct likely to cause death or great bodily harm, willfully or purposefully undertaken.'" *Canipe v. Commonwealth*, 25 Va. App. 629, 642 (1997) (quoting *Essex v. Commonwealth*, 228 Va. 273, 281 (1984)). For example, "repeated" blows with fists "applied to vital and delicate parts of the body of a defenseless, unresisting [person], on

the ground" may support a finding of malice.  *Roark v. Commonwealth*, 182 Va. 244, 250 (1944) (quoting *McWhirt v. Commonwealth*, 44 Va. 594, 611 (1846)).

In addition, "[m]alice may be inferred 'from the deliberate use of a deadly weapon.'" *Avent v. Commonwealth*, 279 Va. 175, 201-02 (2010) (quoting *Smith v. Commonwealth*, 239 Va. 243, 263 (1990)).  A deadly weapon is "one which is likely to produce death or great bodily injury from the manner in which it is used."  *Fletcher v. Commonwealth*, 72 Va. App. 493, 507 (2020) (quoting *Pannill v. Commonwealth*, 185 Va. 244, 254 (1946)).  "[W]hether a weapon is to be regarded as deadly often depends more on the manner in which it has been used than on its intrinsic character . . . ."  *Id.* (alterations in original) (quoting *Pannill*, 185 Va. at 254).  "Among other instruments which may under the circumstances of their use be regarded as deadly weapons [include] . . . metal bars and rods."  *Id.* at 507-08 (alterations in original) (quoting *Pannill*, 185 Va. at 254).  In fact, this Court has recognized that even "a sidewalk curb" can constitute a deadly weapon when used as a device to "bash[]" the victim's head.  *Hampton v. Commonwealth*, 34 Va. App. 412, 420 (2001).

The record here establishes that after arguing with Harvey, the appellant repeatedly struck her in the face with a frying pan before shoving her into the stove.  The blows knocked Harvey to the ground and prevented her from escaping.  Under these circumstances, the appellant's use of a heavy metal object to strike Harvey's face forcefully and repeatedly may properly be considered use of a deadly weapon.  *See Pannill*, 185 Va. at 254.  Moreover, as Harvey lay on the ground, the appellant continued to attack her from that defenseless position by stomping her face with his foot, rendering her unconscious.  *See Commonwealth v. Perkins*, 295 Va. 323, 331-32 (2018) (affirming the defendant's malicious wounding conviction when he struck the "defenseless" victim in the back of the head with a firearm, knocking him to the ground and rendering him unconscious).  The appellant's separate, and wholly gratuitous, act of

spitting on Harvey evinced his attitude toward his defenseless victim. In all, the force of the blows the appellant struck gave Harvey a concussion, broke her jaw, chipped four of her teeth, and left cuts and permanent scars on her face. *See Johnson*, 53 Va. App. at 104-05 (holding that evidence that the defendant struck the victim with such force that the victim suffered a concussion and two cuts to his ear, along with other evidence, supported a finding of an intent to permanently injure). Consequently, the appellant's repeated use of a deadly weapon and continued attack on Harvey as she lay defenseless amply support the trial court's finding that the appellant acted with malice.

Despite the significant evidence of malice, the appellant maintains that the Commonwealth failed to exclude the possibility that Harvey instigated the attack. He invites this Court to reject the trial court's credibility determinations in favor of his theory that he merely responded to her "provocative behavior" and that he acted in the heat of passion.

After weighing the evidence, the trial court credited Harvey's account of the attack, which was corroborated by the photographs of her injuries. *See Lambert v. Commonwealth*, 70 Va. App. 740, 760 (2019) (holding that a witness's testimony, which was corroborated by other evidence, was not inherently incredible); *see also Tyler v. Commonwealth*, 73 Va. App. 445, 469 (2021) (noting that the victim's testimony alone was sufficient to support the conviction). In light of the trial court's credibility determination, we "may only . . . disturb[ ]" its conclusion "on appeal if this Court finds that [the witness's] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)); *see also Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010) ("The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility" as well as "the weight to be given their testimony." (quoting *Commonwealth v.*

*Taylor*, 256 Va. 514, 518 (1998))). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006) (quoting *Cardwell v. Commonwealth*, 209 Va. 412, 414 (1968)). Such was certainly not the case here.

At trial, Harvey testified that the appellant engaged in an unprovoked attack on her. He struck her "face with [a] frying pan several times" and shoved her into the stove. After she fell to the ground, the appellant spit on her and stomped her face with his foot as she lay on the floor, rendering her unconscious. Harvey's testimony was neither "inherently incredible" nor "so contrary to human experience as to render it unworthy of belief." *Johnson*, 58 Va. App. at 315 (quoting *Robertson*, 12 Va. App. at 858). Consequently, the record provides no basis to disturb the trial court's assessment of the victim's credibility.

In addition, no evidence supports the appellant's alternative hypothesis that Harvey attacked him first. "For a hypothesis of innocence to be reasonable, it must flow from the evidence actually presented; it cannot spring forth from the imagination of an appellant or his counsel." *Jiddou v. Commonwealth*, 71 Va. App. 353, 369 (2019) (quoting *Butcher v. Commonwealth*, 69 Va. App. 406, 420 (2018)); *see also Haas v. Commonwealth*, 299 Va. 465, 468 (2021) (noting that the only hypotheses of innocence that the Commonwealth must exclude are those based on the evidence). Whether a hypothesis of innocence is reasonable is a question of fact. *See Commonwealth v. Moseley*, 293 Va. 455, 466 (2017).

At most, the record in this case established that Harvey claimed to be a "MMA fighter," had consumed less than a "whole drink" of alcohol before the incident, and was "mad" at the appellant

because of the assault.[5] That evidence does not support the appellant's theory that Harvey initiated the fight and the appellant responded in the heat of passion. As the trial court found, no evidence demonstrated that the victim started the altercation or struck the appellant "other than in defense of herself."

Accordingly, the trial court, as the finder of fact, was entitled to conclude that the appellant acted with malice and that he instigated the attack.

## III. CONCLUSION

The evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove that the appellant acted with malice and that Harvey did not attack him first. Consequently, we affirm the appellant's conviction for malicious wounding.

*Affirmed.*

---

[5] During the appellant's *pro se* closing argument, he proffered that the altercation started when he was "cooking tacos" and Harvey "slapped [him]" because of "FaceBook messages." The trial court sustained the Commonwealth's objection to "facts not in evidence being argued."