COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Ortiz and Lorish
Argued at Richmond, Virginia


EARL TRUMAN SCROGGINS, III
                                                        MEMORANDUM OPINION* BY
v.        Record No.  1516-22-2                         JUDGE DANIEL E. ORTIZ
                                                        JANUARY 30, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

James Joseph Ilijevich for appellant.

J. Brady Hess, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Earl Truman Scroggins, III appeals his conviction, following a bench trial, for misdemeanor

failure to stop at the scene of an accident, in violation of Code § 46.2-894.[1]  Scroggins asserts that

the evidence is insufficient to prove he left the scene of the accident.  For the following reasons, we

disagree and affirm the conviction.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)).  This principle requires us to "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Scroggins was also convicted of driving without an operator's license, providing a false report to a law enforcement officer, improper turn at an intersection, and improper lane change. Scoggins does not challenge these convictions on appeal.

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On April 27, 2021, Alexandria Ramos and a later-identified Scroggins got into a car accident at the intersection of Airport Avenue and George Coghill Street in the City of Fredericksburg. Ramos was following Scroggins at a reasonable distance, when Scroggins approached the intersection and suddenly veered left, crossing the yellow lines, without signaling. Assuming he was turning left, Ramos continued straight, passing Scroggins's vehicle, however, Scroggins suddenly turned right and hit Ramos's driver's side panel. The two vehicles, Ramos's Toyota and Scroggins's Hyundai, pulled over onto the right shoulder of Airport Avenue, just past a driveway leading to 1910 Airport Avenue. Ramos and Scroggins exited their respective vehicles and "exchanged some words as far as what [they] thought happened." Scroggins then asked Ramos if she had contacted the police. Ramos informed him she had not. Scroggins noted that "there was no need to do that." As the pair discussed the accident, Kenisha Reynolds came from the direction of 1910 Airport Avenue and approached the scene. Reynolds explained to Ramos that she was the owner of the Hyundai and began to share her insurance information.[2] As the women exchanged information, Scroggins returned to the Hyundai and sat in the front passenger seat.

After exchanging information, Ramos informed Reynolds that she was going to return to her vehicle to report the accident to law enforcement. Reynolds stated that "she'd do the same." However, while reporting the accident to the operator, Ramos glanced in her rearview mirror and observed that the Hyundai was no longer behind her. She exited the vehicle to ensure the vehicle was still there, but it had vanished along with its two occupants—Reynolds and Scroggins.

---

[2] This included the name on Reynolds's policy, the policy number, and her address.

Sergeant Robert Rivers responded to a call of a motor vehicle accident at the juncture of Airport Avenue and George Coghill Street. While in route, dispatch informed Sergeant Rivers that the male driver of the Hyundai "had fled the scene." When he arrived, he found Ramos and her Toyota just beyond the entrance of the driveway across from George Coghill Street. No one else was at the scene. Ramos provided Sergeant Rivers with Reynolds's insurance information. Sergeant Rivers ran the information through his computer system and determined that Reynolds lived down the driveway from the location of the accident. Sergeant Rivers testified that Reynolds's home could not be seen from the vantage point of Ramos's vehicle but was "a little ways down the driveway" and "a couple hundred feet away" from the accident.

As Sergeant Rivers approached the end of the driveway, Reynolds was waiting next to the Hyundai parked on the side of the 1910 residence. Reynolds told Sergeant Rivers that she "had taken a wide arching turn to get into the . . . driveway where 1910 is." This conflicted with what dispatch and Ramos had told him. Sergeant Rivers reviewed his notes and called Ramos to ensure the accuracy of his information. Sergeant Rivers noted that he called Ramos instead of turning around and talking to her because she was too far away. After confronting Reynolds about this discrepancy, she admitted that Scroggins had been driving and retrieved him from inside the home. Scroggins stated that it was Reynolds who was driving, however when Sergeant Rivers told him that he knew Scroggins had been driving, Scroggins became "defensive" and "refused to continue the conversation."

At the close of the Commonwealth's evidence, Scroggins moved to strike the evidence. Related to leaving the scene without giving information, Scroggins argued that the Commonwealth had not met its burden because Reynolds provided all the information Ramos requested and that information allowed Sergeant Rivers to quickly find him and the Hyundai. The trial court struck the obstruction of justice charge and two counts of reckless driving, reduced Scroggins's felony leaving

the scene of an accident charge to a misdemeanor, and denied Scroggins's motion as it related to giving a false report of a crime, improper turn signal, and improper erratic lane change.

After hearing closing arguments from counsel, the trial court convicted Scroggins of the remaining charges. The trial court found that Scroggins was driving without a valid license when he made an erratic lane change and an improper turn. The trial court also found that Scroggins falsely reported to Sergeant Rivers that Reynolds was driving at the time of the accident. Finally, the court noted that Scroggins "left the scene to avoid . . . responsibility for his criminal acts involving . . . driving without a valid license and making an improper lane change and not using his turn signal." The trial court sentenced Scroggins to 150 days of incarceration, with all but 6 days suspended, a $200 fine, and ordered he pay $1,374 in restitution to Ramos. Scroggins appeals.

ANALYSIS

Scroggins challenges the sufficiency of the evidence to convict him of a misdemeanor hit and run. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by

- 4 -

the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Under Code § 46.2-894:

> [t]he driver of any vehicle involved in an accident in which . . . an attended vehicle . . . is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . and *report his name, address, driver's license number, and vehicle registration number* forthwith to the State Police or local law-enforcement agency, . . . or to the driver . . . of the vehicle collided with . . . .

(Emphasis added). "Any person convicted of a violation of this section is guilty of . . . a Class 1 misdemeanor if the accident results in damage of $1000 or less to property." *Id.*

The statute's purpose is to "prevent motorists involved in accidents from evading civil or criminal liability by leaving the scene of an accident and to require drivers involved in an accident to provide identification information and render assistance to injured parties." *Smith v. Commonwealth*, 66 Va. App. 382, 388 (2016) (citing *Smith v. Commonwealth*, 8 Va. App. 109, 115 (1989)). "The duty imposed upon the driver of a vehicle involved in an accident is not passive. It requires positive, affirmative action; that is, to stop and give the aid and information specified." *Herchenbach v. Commonwealth*, 185 Va. 217, 220 (1946) (examining a previous, nearly identical, predecessor to Code § 46.2-894). If the defendant failed to provide the required information to any of the persons articulated in Code § 46.2-894, the information requirement is not satisfied. *Butcher v. Commonwealth*, 69 Va. App. 406 (2018), *rev'd on other grounds*, 298 Va. 392, 395 (2020) (reversing this Court's holding that "to meet the statutory command, appellant only needed to report forthwith the required information to one person described in the statutory list," but affirming this Court's reasoning that appellant did not comply with the reporting requirements of Code § 46.2-894).

Scroggins asserts that he fulfilled the requirements of Code § 46.2-894 because he immediately stopped at the accident scene, and it was only later that he denied driving. He asserts there is no evidence he failed to identify himself as the driver to Ramos. He notes that, following the accident, he was either in the passenger seat of the Hyundai or he was in the house at the end of the driveway from where the accident occurred. Scoggins claims that when Reynolds finished providing Ramos with her insurance information, he had no reason to believe the encounter was ongoing and the subsequent encounter with Sergeant Rivers was distinct from the accident. Further, given the information Reynolds provided to Ramos, Sergeant Rivers was able to "pursue his criminal/traffic investigation."

Here, the trial court rejected Scroggins's claim that he provided the statutory required information to either Ramos or Sergeant Rivers. It is not enough that Scroggins initially identified himself as the driver to Ramos—he was also required to provide his information to her. Code § 46.2-894 provides that *the driver* must provide the enumerated information. "The term 'driver' is defined as 'the person in actual, physical control of the vehicle.'" *Kil v. Commonwealth*, 12 Va. App. 802, 809 (1991) (citing *Webster's Third New International Dictionary* 692 (3d ed. 1986)). "These repeated and specific references to 'the driver' establish that the information sought is relevant only inasmuch as it is the personal information of the individual who is 'the driver' of the vehicle involved in the accident." *Smith*, 66 Va. App. at 389. Although, both Scroggins and Reynolds wanted Sergeant Rivers to believe Reynolds was the driver, she, in fact, was not—Scroggins was. Therefore, the duty was on him to provide his own required information. Despite this, it was Reynolds who exchanged insurance information with Ramos, not Scroggins. Ramos did not testify that Scroggins provided *his* name, address, or driver's license number. In fact, when Sergeant Rivers arrived at the scene and reviewed the information Ramos had collected, he determined that Reynolds was the insurance policy owner,

but was unable to determine the driver's identity. From the totality of the circumstances a reasonable fact finder could infer that Scroggins did not provide the information Code § 46.2-894 requires. Accordingly, the evidence was sufficient to establish that Scroggins did not report the required information to Ramos.

Scroggins also did not provide any such information to Sergeant Rivers, nor did he identify himself as the driver. Considering the record, Scroggins failed to provide all four requirements to law enforcement by failing to identify himself as the driver. Upon arriving at the scene, Sergeant Rivers observed only Ramos and her Toyota. And when he approached Reynolds's home, he found Reynolds, not Scroggins, waiting for him. Only upon confirming with Ramos that Scroggins, and not Reynolds, had been the driver, Scroggins was retrieved from the home. Therefore, Scroggins's only interaction with law enforcement was his denial of being the driver and, when he was confronted by Sergeant Rivers, his refusal to continue the conversation. This Court has previously stated that "Code § 46.2–894's provision that requires 'the driver' to 'report his [information]' can only further the statute's purpose if the driver is also required to report that he was, in fact, the driver." *Smith*, 66 Va. App. at 390. Furthermore, "[t]o hold otherwise would permit drivers to avoid civil and criminal liability by providing all the required information but nevertheless insist . . . that they were not driving." *Id.* Thus, a reasonable fact finder could conclude that Scroggins neither identified himself as the driver to Sergeant Rivers nor provided Sergeant Rivers with the statutorily required information.

Here, Scroggins failed to provide his name, address, or driver's license number to Ramos or Sergeant Rivers, or identify himself as the driver to Sergeant Rivers. Although Scroggins argues that, through the information that Reynolds provided, Sergeant Rivers and Ramos had all the necessary information to pursue their respective inquiries, that claim is irrelevant to whether Scroggins complied with his statutory obligations. To begin with, Reynolds did not provide all

- 7 -

the required information.  Reynolds only provided the vehicle's registration number and *her* address.  She did not provide Ramos with Scroggins's name, address, or driver's license number.  Furthermore, it was Scroggins's obligation, not Reynolds's, to provide the required information as the driver of one of the vehicles involved in the collision.  Consequently, we conclude that a reasonable fact finder could find that Scroggins did not provide the required information and left the scene of the accident in violation of Code § 46.2-894.

CONCLUSION

We find that the evidence was sufficient to convict Scroggins of misdemeanor failure to stop at the scene of an accident.  Accordingly, we affirm the trial court's decision.

*Affirmed*.